## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ACUITY OPTICAL LABORATORIES, INC., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 14-3231 |
| DAVIS VISION, INC., | ) ) ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Strike Affirmative Defenses (d/e 10) filed by Petitioner Acuity Optical Laboratories, Inc.  The Motion is GRANTED IN PART and DENIED IN PART.  The Court strikes Affirmative Defenses No. 1, 2, 4, 7, 11, and 12 without prejudice and with leave to amend.  The Court <u>sua sponte</u> strikes Affirmative Defense No. 15 with prejudice.  The Court does not strike Affirmative Defenses No. 5, 8, 9, 10, 13, and 14.

# I. BACKGROUND

Petitioner manufactures ophthalmic goods, including digitally manufactured freeform ophthalmic lenses.  In July 2014, Petitioner filed a Verified Petition for Preliminary Injunction, Declaratory Judgment, Damages, and Permanent Injunctive Relief against Respondent, Davis Vision, Inc., an administrator of vision benefit plans.[1]  Petitioner alleges that Respondent's requirement that providers in its network send any eyeglass manufacturing orders to an ophthalmic lens laboratory affiliated with Respondent constitutes: the illegal restraint of trade in violation of Section 1 of the Sherman Antitrust Act (Count 1); the illegal monopolizing of trade in violation of Section 2 of the Sherman Antitrust Act (Count 2); the illegal tying agreements in violation of Sections 1 and 2 of the Sherman Antitrust Act (Count 3); an agreed boycott in violation of Section 3 of the Clayton Antitrust Act (Count 4); violations of the Illinois Antitrust Act (Counts 5 through 8); violations of the Illinois Insurance Code (Counts 9 and 10); and a tortious interference with Petitioner's prospective business advantage (Count 11).  Petitioner

---

[1] Although Petitioner seeks preliminary relief in the complaint, Petitioner has not filed a Motion for Preliminary Injunction.  See CDIL-LR 7.1 (providing the rules for filing motions).

alleges that the Court has subject matter jurisdiction over this action by way of both federal question jurisdiction and diversity jurisdiction. See Petition ¶ 17, citing 28 U.S.C. § 1331, 1332.

In September 2014, Respondent filed its Answer and Affirmative Defenses (d/e 9). Respondent raises 15 affirmative defenses. Petitioner has moved to strike Affirmative Defenses No. 1, 2, 4, 5, and 7 through 14.

## II. LEGAL STANDARD

When a defendant responds to a pleading, the defendant must affirmatively state any avoidance or affirmative defense. Fed.R.Civ.P. 8(c).[2] Rule 8(c)(1) lists several affirmative defenses, including estoppel, laches, statute of limitations, and waiver. Fed.R.Civ.P. 8(c)(1). However, the list is not exhaustive. See Native Am. Arts, Inc. v. Waldron Corp., 254 F.Supp.2d 1041, 1045 (N.D. Ill. 2003); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 (3d ed. 2004).

---

[2] In the Motion to Strike, Petitioner several times refers to an inability to respond to the affirmative defense given the lack of information contained therein. However, the Federal Rules do not provide for a response to affirmative defenses. See Fed.R.Civ.P. 7(a); Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991).

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face. Heller, 883 F.2d at 1294 (also providing that a court will ordinarily not strike an affirmative defense if it is sufficient as a matter of law or presents questions of law or fact). Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of that defense. Id., citing Fed.R.Civ.P. 8(a).

Although the Seventh Circuit has not addressed whether the heightened pleading standard set forth in Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662

(2009) applies to affirmative defenses, several courts in this Circuit have found that the heightened pleading standard does apply to affirmative defenses.  See Sarkis' Café, Inc. v. Sarks in the Park, LLC, --- F. Supp. 2d ---, No. 12 C 9686, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014) (citing cases).  These courts examine whether the defendant states an "affirmative defense to relief that is plausible on its face." SEC v. Sachdeva, No. 10-C-747, 2011 WL 933967 at *1 (E.D. Wisc. Mar. 16, 2011).  However, whether the heightened pleading standard applies likely makes little difference. Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient.  See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D. Ill. Sept. 19, 2012).  In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).  See Heller, 883 F.2d at 1294.

## III. ANALYSIS

Petitioner moves to strike Affirmative Defenses No. 1, 2, 4, 5, and 7 through 14.  Respondent asserts that the defenses are

properly pleaded or were pleaded in an abundance of caution. Respondent requests leave to amend any defenses the Court strikes.

## A. The Court Strikes Affirmative Defense No. 1 as Insufficiently Pleaded

Respondent's Affirmative Defense No. 1 alleges that:

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Petitioner moves to strike this affirmative defense on the grounds that it fails the federal pleading standard and does not give Petitioner fair notice of the grounds upon which the defense rests.

Respondent recognizes that courts have not always agreed whether "failure to state a claim upon which relief can be granted" is a proper affirmative defense. Resp. p. 5 (d/e 11) (citing cases). Respondent asserts that it included the defense in an abundance of caution and because Respondent believes discovery will reveal that Petitioner failed to state a claim upon which relief can be granted. Respondent asks that if the Court determines that failure to state a claim is not a proper defense, that Respondent be granted leave to amend the defense in accordance with the Court's directive.

As Respondent notes, courts are divided on whether a party may properly plead a failure to state a claim as an affirmative defense.  See <u>Jackson v. Methodist Med. Ctr. of Ill.</u>, No. 06-1235, 2007 WL 128001, at *2 (C.D. Ill. Jan. 11, 2007) (collecting cases). However, even those courts that allow the defense to be raised require more than a "bare recitation of the legal standard."  <u>Id.</u>

In this case, Respondent has done no more than recite the legal standard, which is insufficient.  Therefore, the Court strikes Affirmative Defense No. 1.

**B.      The Court Strikes Affirmative Defenses No. 2 and No. 4 Because the Defenses are Not Affirmative Defenses**

Petitioner moves to strike Affirmative Defense No. 2 and No. 4 which allege:

The City of Chicago is not a relevant geographic market

Davis Vision members are not a relevant market.

Petitioner essentially argues that Respondent does not give Petitioner fair notice of the grounds upon which the defense rests.

In response, Respondent argues that Affirmative Defenses No. 2 and No. 4 assert matters that, if proved, would avoid some or all liability.

Affirmative Defenses No. 2 and No. 4 are not affirmative defenses.  A defense is an affirmative defense if the defendant bears the burden of proof under state law or the defense does not controvert the plaintiff's proof.  <u>Winforge, Inc. v. Coachman Indus., Inc.</u>, 691 F.3d 856, 872 (7th Cir. 2012) (diversity case); <u>see</u> <u>also</u> <u>ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.</u>, 973 F. Supp.2d 842, 847 (N.D. Ill. 2014) (an appropriate affirmative defense is one that accepts the allegations of the complaint as true and then provides reasons why the defendant is not fully liable). "Moreover, an affirmative defense cannot merely repeat a defendant's denial of the allegations contained in the complaint." <u>Sarkis' Café, Inc.</u>, --- F.Supp.2d ---, 2014 WL 3018002, at * 4 (federal question jurisdiction).

Petitioner bears the burden of proving the relevant market under Sections 1 and 2 of the Sherman Act.  <u>See</u> <u>Omnicare, Inc. v. UnitedHealth Group, Inc.</u>, 629 F.3d 697, 705 (7th Cir. 2011) (setting forth the elements of a Section 1 claim under the Sherman Act, including that, as a result of the defendant's contract, combination, or conspiracy, trade in the relevant market was unreasonably restrained); <u>United States v. Grinnell Corp.</u>, 384 U.S.

563, 570 (1966) (setting forth the elements of a Section 2 claim under the Sherman Act, including "the possession of monopoly power in the relevant market"); Mullis v. Arco Petroleum Corp., 502 F.2d 290, 295 n. 14 (7th Cir. 1974) ("the burden of proof as to the relevant market rests upon the claimant"), citing Acme Precision Products, Inc. v. Am. Alloys Corp., 484 F.2d 1237, 1242 (8th Cir. 1973); see also A & A Disposal & Recycling, Inc. v. Browning-Ferris Indust. of Ill., 279 Ill. App. 3d 337, 341 (1996) (holding, under section 3 of the Illinois Antitrust Act, that the "plaintiff has the burden of describing a well-defined relevant market, both geographically and by product, which the defendant monopolized"). Moreover, Affirmative Defenses No. 2 and No. 4 do not accept the allegations of the complaint as true. Instead, Respondent denies an element of Petitioner's claim. Therefore, neither Affirmative Defense No. 2 nor No. 4 are affirmative defenses.

Further, Respondent already put these matters at issue in its Answer when Respondent denied that Chicago was the relevant geographic market and that the Respondent members' market for ophthalmic lenses was the relevant product market. See Answer ¶¶ 20, 21, 28 (d/e 9). Therefore, the Court also strikes the

defenses as redundant. See Sarkis' Café, Inc., --- F.Supp.2d ---, 2014 WL 3018002, at * 4 ("an affirmative defense cannot merely repeat a defendant's denial of the allegations contained in the complaint").

## C.   The Court Does Not Strike Affirmative Defense No. 5

Petitioner moves to strike Affirmative Defense No. 5, which asserts:

> Plaintiff's claims fail for lack of antitrust standing in that Plaintiff is not a buyer, user, competitor, or supplier of the services Davis Vision sells.

Petitioner essentially argues that the defense does not give Petitioner fair notice of the grounds upon which the defense rests.

Respondent argues that, while some federal courts have found that standing is not an affirmative defense, others have found that it is. See Resp. (d/e 11), citing Native Am. Arts, Inc. v. Waldron Corp., 253 F.Supp.2d 1041, 1045 (N.D. Ill. 2003) (holding that "[s]tanding is not an affirmative defense" and the defendant did not waive the argument that the plaintiff lacked standing under the Indian Arts and Crafts Act by failing to list lack of standing as an affirmative defense); Green v. Monarch Recovery Mgmt., Inc., No. 1:13-cv-00418, 2014 WL 4955268, at *4 (S.D. Ind.

Oct. 1, 2004) (a defendant should challenge lack of standing by way of a motion to dismiss); <u>Achievement & Rehabilitation Ctrs., Inc. v. City of Lauderhill</u>, No. 12-61628, 2012 WL 6061762, at *1 (S.D. Fla. Dec. 6, 2012) (finding no basis to strike affirmative defense asserting a lack of standing); <u>Guididas v. Cmty. Nat'l Bank Corp.</u>, No. 8:11-cv-2545-T-30TBM, 2013 WL 230243, at *2 (M.D. Fla. Jan. 22, 2013) (refusing to strike affirmative defense asserting a lack of standing).  Respondent asserts it erred on the side of caution and included the defense.  Respondent further notes that some of Petitioner's claims are Illinois state law claims and that Illinois law would have required that standing be raised as an affirmative defense.

The Court will not strike Affirmative Defense No. 5.  Given the varying views on whether standing must be raised as an affirmative defense, Respondent's cautious approach is understandable.  Moreover, Petitioner asserted that the Court had subject matter jurisdiction over the case both under § 1331 (federal question jurisdiction) and under § 1332 (diversity jurisdiction).  <u>See</u> Petition ¶ 17.  When a claim is founded on diversity jurisdiction, the legal and factual sufficiency of the

defense is determined under state law.  <u>Williams</u>, 944 F.2d at 1400 (7th Cir. 1991); <u>LaSalle Bank Nat'l Ass'n v. Paramount Props.</u>, 588 F.Supp.2d 840, 860 (N.D. Ill. 2008).  "Under Illinois law, lack of standing is an affirmative defense, which is the defendant's burden to plead and prove."  <u>Lebron v. Gottlieb Mem'l Hosp.</u>, 237 Ill. 2d 217 252 (2010).   Therefore, the Court will not strike Affirmative Defense No. 5.

## D.     The Court Strikes Affirmative Defenses No. 7 as Redundant

Petitioner moves to strike Affirmative Defense No. 7, which alleges:

> Any alleged injury sustained by Plaintiff was not directly or proximately caused by the conduct alleged in the Complaint.

Petitioner argues that Respondent does not address how Petitioner's injuries were not proximately caused by Respondent or which third parties and by what acts such third parties constitute intervening or superseding causes.

Respondent argues that Affirmative Defense No. 7 asserts matters that, if proved, would avoid some or all liability. Respondent further claims that Affirmative Defense No. 7 put

Petitioner and the Court on notice that the matters asserted therein will be at issue throughout discovery and the summary judgment stage of this litigation.

Petitioner has alleged that it, and others, have experienced significant financial damages as a result of Respondent's conduct. Petition ¶ 80; see also Agnew v. Nat'l Collegiate Athletic Ass'n, 683 F.3d 328, 335 (7th Cir. 2012) (noting that a plaintiff bringing a claim under § 1 of the Sherman act must prove: "(1) a contract, combination, or conspiracy; (2) a resultant unreasonable restraint of trade in [a] relevant market; and (3) an accompanying injury").

Respondent has denied this allegation. Therefore, Respondent has already put this matter at issue in its Answer. Consequently, the Court strikes Affirmative Defense No. 7 defense as redundant. See Sarkis' Café, Inc., --- F.Supp.2d ---, 2014 WL 3018002, at * 4 ("an affirmative defense cannot merely repeat a defendant's denial of the allegations contained in the complaint").

## E.    The Court Does Not Strike Affirmative Defense No. 8

Petitioner next seeks to strike Affirmative Defense No. 8, which provides that:

> Plaintiff's claims are barred, in whole or in part, because
> of its failure to mitigate any damages allegedly suffered.

Petitioner argues that Respondent has given no indication as to what Petitioner should have done, or could have done, to mitigate its damages. In response, Respondent asserts that, given the fact that discovery has not yet begun, it would be unreasonable expect Respondent to have detailed information about mitigation at this early stage in the litigation.

The Court will not strike this affirmative defense at this time. The facts supporting this claim are likely in the possession of Petitioner, discovery has not yet begun, and the defense is likely relevant to damages. See, e.g., Ivanov v. Nyhus, No. 14-cf-382-jdp, 2014 WL 5307936 at *3 (W.D. Wis. Oct. 16, 2014); Jackson, No. 06-1235, 2007 WL 128001, at *4 (noting that while some courts hold that a conclusory "failure to mitigate" affirmative defense is insufficient, others have held that the defense is sufficient, without additional facts, if discovery has barely begun); Rao v. Covansys Corp., No. 06 C 5451, 2007 WL 141892 at *2 (N.D. Ill. Jan. 17, 2007) (refusing to strike affirmative defense where failure to mitigate was an affirmative defense under Illinois law, the duty to

mitigate damages was applicable in a variety of situations, and given the early stage of the litigation, the defendant pleaded the affirmative defense with adequate specificity).

## F.    The Court Does Not Strike Affirmative Defense No. 9

Petitioner moves to strike Affirmative Defense No. 9, which alleges that "Plaintiff's claims should be dismissed because any action taken by or on behalf of Davis Vision was justified, constituted bona fide business competition, and was taken in pursuit of its own legitimate business and economic interests." Petitioner argues that the defense is not a recognized affirmative defense and is not sufficiently pleaded.

In response, Respondent asserts that competition is an affirmative defense to tortious interference claims, which Petitioner has alleged as Count XI of its Petition.  Respondent further asserts that it has alleged that Respondent's actions were justified and that the actions constituted bona fide business competition, which is sufficient to put Petitioner on notice of Respondent's reliance on the competition privilege.

The Court agrees with Respondent.  Under Illinois law, privileged competition is an affirmative defense to a tortious

inference with prospective business advantage claim.  <u>Speakers of Sport, Inc. v. ProServ, Inc.</u>, 178 F.3d 862, 865 (7th Cir. 1999) (holding that competition "provides a defense (the 'competitor's privilege') to the tort of improper interference"); <u>General Motors Corp. v. State Motor Vehicle Review Bd.</u>, 224 Ill. 2d 1, 15 (2007) (lawful or privileged competition is an "affirmative defense to the tort of intentional interference with prospective business advantage").  Moreover, Respondent has put Petitioner on notice of its affirmative defense.  Therefore, the Court will not strike Affirmative Defense No. 9.

**G.    The Court Does Not Strike Affirmative Defense No. 10**

Petitioner also moves to strike Affirmative Defense No. 10, which alleges:

> Plaintiff's claims should be rejected because the damages alleged by Plaintiff resulted from the acts or omissions of third parties over whom Respondent had no control or responsibility.  The acts of such third parties constitutes intervening or superseding causes of harm (if any) alleged [<u>sic</u>] suffered by Plaintiff.

Petitioner argues that this defense does not give Petitioner fair notice of the grounds upon which the defense rests because

Respondent fails to indicate the identity of the third parties or their actions.

Respondent asserts that Affirmative Defense No. 10 asserts matters that, if proved by Respondent, would avoid some or all of its liability.

The Court finds that Respondent has sufficiently apprised Petitioner of its defense, particularly in light of the stage of the litigation. Therefore, the Court will not strike Affirmative Defense No. 10.

**H.     The Court Strikes Affirmative Defense No. 11 as Redundant**

Petitioner next argues that the Court should strike Affirmative Defense No. 11, which alleges:

> Plaintiff's claims should be rejected because Respondent's actions did not lessen competition in any relevant market.

Petitioner argues that Affirmative Defense No. 11 is not a recognized affirmative defense and appears to be merely an argument in support of Affirmative Defense No. 1. Petitioner also argues that Affirmative Defense No. 11 does not give Petitioner fair notice of the grounds upon which the defense rests.

Respondent argues that Affirmative Defense No. 11 asserts matters that, if proved, would avoid some or all liability. Respondent also claims that the defense puts Petitioner and the Court on notice that the matters asserted herein will be at issue throughout discovery and the summary judgment stage of the litigation.

Petitioner bears the burden of proving an unreasonable restraint of trade in the relevant market. See Agnew, 683 F.3d at 335 (noting that the plaintiffs must prove a resultant unreasonable restraint of trade in a relevant market under § 1 of the Sherman Act and identifying the categories of analysis for determining whether actions have anticompetitive effects). Moreover, Petitioner has alleged anticompetitive effect, and Respondent has denied those allegations. See, e.g., Petition and Answer ¶¶ 44, 79. Therefore, Respondent already put these matters at issue in its Answer when Respondent denied that Chicago was the relevant geographic market and that Respondent members' market for ophthalmic lenses was the relevant product market. See Answer ¶¶ 20, 21, 28 (d/e 9). Consequently, the Court strikes the defense as redundant. See Sarkis' Café, Inc., --- F.Supp.2d ---, 2014 WL

3018002, at * 4 ("an affirmative defense cannot merely repeat a defendant's denial of the allegations contained in the complaint").

## I.    The Court Strikes Affirmative Defense No. 12 as Redundant

Petitioner moves to strike Affirmative Defense No. 12, which alleges that "Plaintiff's claims for injunctive relief should be dismissed because Plaintiff does not have a substantial likelihood of success and has available an adequate remedy at law." Petitioner argues that Affirmative Defense No. 12 is not a recognized affirmative defense, the defense appears to be an argument in support of Affirmative Defense No. 1, and the defense does not provide Petitioner with fair notice of the grounds upon which the defense rests.

In response, Respondent asserts that it included the defense in an abundance of caution.  Respondent requests leave to amend the defense if the Court strikes Affirmative Defense No. 12.

Petitioner bears the burden of showing a substantial likelihood of success and no adequate remedy at law in support of the request for injunctive relief, and the Petition contains such allegations.  See Petition ¶ 133, 135.  Respondent denied those

allegations. Therefore, the Court strikes Affirmative Defense No.

12 as redundant. <u>See</u> <u>Sarkis' Café, Inc.</u>, --- F.Supp.2d ---, 2014

WL 3018002, at * 4 ("an affirmative defense cannot merely repeat a

defendant's denial of the allegations contained in the complaint").

## J.   The Court Does Not Strike Affirmative Defense No. 13

Petitioner moves to strike Affirmative Defense No. 13, which

alleges:

> Plaintiff has been aware of the terms of the relevant
> Davis Vision network provider contracts for more than
> four years before the date of the Complaint.
> Accordingly, Plaintiff's claims are barred by the statute
> of limitations.

Petitioner argues that Respondent has not given Petitioner

fair notice of the grounds upon which this defense rests.

Respondent asserts that the statute of limitations affirmative

defense is based on knowledge and good faith belief at this stage of

the litigation that Petitioner has been aware of the terms of the

relevant contracts for more than four years and failed to take

action until now.

The Court agrees with Respondent that Respondent has

sufficiently pleaded this defense. Therefore, the Court will not

strike Affirmative Defense No. 13.

### K.   The Court Does Not Strike Affirmative Defense No. 14

Petitioner also moves to strike Affirmative Defense No. 14,

which alleges:

> Plaintiff has been aware of the terms of relevant Davis
> Vision network provider contracts for many years.
> Accordingly, Plaintiff's claims are barred, in whole or in
> part, by the doctrine of laches, waiver, estoppel, unclean
> hands, course of dealing, and/or ratification.

Petitioner argues that Respondent has not given Petitioner fair

notice of the grounds upon which the defenses rest.  Petitioner also

argues that Respondent has pleaded six separate equitable

defenses within one paragraph but failed to "indicate how alleged

knowledge of said contracts exposes Petitioner to said equitable

defenses."  Motion, p. 8 (d/e 10).

In response, Respondent asserts its defenses are based on

knowledge and good faith belief at this stage of the litigation that

Petitioner has been aware of the terms of the relevant contracts for

more than four years and failed to take action until now.

Respondent also asserts that Respondent pleaded these defenses

in an abundance of caution and that the defense puts Petitioner on

notice of the matters Respondent intends to assert following

discovery.

Generally, merely stringing a list of legal defenses together is insufficient to satisfy Rule 8(a). <u>Yash Raj Films (USA) Inc. v. Atlantic Video</u>, No. 03 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004). However, Respondent has, in addition to stringing a list of legal defenses together, also provided a short, plain statement of the defenses. Respondent has sufficiently put Petitioner on notice of these affirmative defenses. Therefore, the Court will not strike Affirmative Defense No. 14.

## L.      The Court <u>Sua</u> <u>Sponte</u> Strikes Affirmative Defense No. 15

Petitioner did not move to strike Affirmative Defense No. 15, which alleges:

> Davis Vision hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

Nonetheless, Respondent asserts that its intention in making this assertion was to put Petitioner and the Court on notice that Respondent believes discovery will result in additional affirmative defenses that Respondent intends to raise at the appropriate time.

However, as Respondent recognizes, a defendant cannot reserve the right to amend its pleadings and only the Court can

grant leave to amend.  Resp. p. 13-14 (d/e 11), citing <u>Cent.</u>

<u>Laborers' Pension, Welfare & Annuity Funds v. Parkland Envtl.</u>

<u>Group, Inc.</u>, No. 2011 WL 4381429, at *2 (C.D. Ill. Sept. 20, 2011)

(a party cannot reserve a right to amend its pleadings).  Therefore,

the Court strikes Affirmative Defense No. 15.  Respondent may file

a motion to amend if discovery reveals additional affirmative

defenses.

## IV. CONCLUSION

For the reasons stated, the Motion to Strike Affirmative

Defenses (d/e 10) is GRANTED IN PART and DENIED IN PART.

The Court strikes Affirmative Defenses No. 1, 2, 4, 7, 11, and 12

without prejudice.  If Respondent chooses to amend any of the

affirmative defenses, Respondent shall do so on or before

November 26, 2014.  The Court <u>sua</u> <u>sponte</u> strikes Affirmative

Defense No. 15 with prejudice.

ENTER: November 13, 2014

FOR THE COURT:

    <u>s/Sue E Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
